IN RE: DOMINIC W.

[No. 854, September Term, 1980.]

*Decided March 10, 1981.*

The cause was argued before THOMPSON, LOWE and COUCH, JJ.

*Nancy L. Cook, Assigned Public Defender,* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Eric E. Wright, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

On November 29, 1979, Montgomery County police took into custody the appellant, Dominic W., a juvenile, on a theft complaint lodged by the assistant principal of a public high school in the county. A petition was subsequently filed in the Maryland District Court alleging appellant to be a delinquent child. That court held an adjudicatory hearing and found the appellant to be a delinquent child. After a disposition hearing the appellant was placed on probation under the supervision of the Juvenile Services Administration.

On appeal, Dominic W. presents several questions, and requests that we reverse the judgment of the lower court. We must reverse that judgment because of our affirmative answer to appellant's first question,

> "Was a watch taken from appellant during a search by the assistant principal seized without probable cause, in violation of § 7-307 of the Maryland Code's Education Article, and improperly admitted into evidence?"

What gave rise to the delinquency petition being filed against appellant may be briefly summarized with additional facts supplied as necessary in our discussion of the issue.

Two male students at the high school involved prepared to attend an assigned gym class. They shared a locker in the gym's locker room to store their regular clothing; the locker was made secure by the use of a combination lock. On the day in question, after changing into their gym clothes, the students placed their regular clothing and personal possessions in the locker, locked the combination lock, and proceeded to the gym class. These students were two of some ninety students taking gym at that time. After completion of the gym class these two students returned to their locker and found the combination lock broken and unlocked. Upon opening the locker door they discovered that a watch belonging to one of them was missing, as well as two five-dollar bills. A report of this theft was made to the school's assistant principal. One of the students reported that he had seen three individuals walking by the row of

lockers and looking around. He gave their names to the assistant principal. The assistant principal testified he had been told by one of the student victims that appellant and two others were seen by the victims "hanging around the lockers" before gym class. After interviewing the other two boys named, who denied involvement, the assistant principal sought out the appellant, took him to an empty classroom, and told him he was suspected of being involved in a theft. The appellant was requested to empty his pockets, which he did, revealing ten one-dollar bills and a pack of cigarettes. The assistant principal then felt appellant's pockets and, upon reaching into one of them, found a watch. This watch was later identified as being the one that was missing from the locker. Appellant was turned over to the police, who took him to a police station. Appellant was given his "Miranda" rights, and gave police a statement incriminating another student. Although he admitted being at the locker when it was broken into, he said that the watch was given to him. The next day, this second student gave police a statement wherein he said that appellant forced open the locker and took the watch and money. During the adjudicatory hearing appellant made timely objections to the admission of his statements and the watch, which the court overruled.

The appellant contends that the watch seized from his pants pocket should not have been admitted into evidence. Conceding that the assistant principal had authority under Md. Educ. Code Ann. § 7-307 to make certain searches, the appellant argues that such searches are authorized only if probable cause exists to believe that the suspect possesses contraband.[1]

---

1. Md. Educ. Code Ann. § 7-307, concerning searches of students and schools, states:

"(a) *Authority to search student.* — (1) A principal, assistant principal, or school security guard of a public school may make a reasonable search of a student on the school premises if he has probable cause to believe that the student has in his possession an item, the possession of which is a criminal offense under the laws of this State. (2) The search shall be made in the presence of a third party.

The State argues that the exclusionary rule developed for violations of the Fourth Amendment to the United States Constitution does not apply to this case, and that the appropriate probable cause was present to satisfy the Maryland statute.

In our view the exclusionary rule developed for Fourth Amendment violations does apply. This conclusion is reached because § 7-307 of the Md. Education Article makes patent that the search was governmental action in the context of the Fourth Amendment. That the assistant principal here was an agent of the State would appear to be beyond doubt. Furthermore, the legislature itself required probable cause to exist before the search could be made. While Maryland has no exclusionary rule by statute, case law, or rule of evidence for search and seizure purposes, it does have the exclusionary rule for Fourth Amendment violations imposed on it under the constitutional compulsion of *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961). *See Belton v. State,* 228 Md. 17, 178 A.2d 409 (1962). By our interpretation of § 7-307 and the application of the Fourth Amendment exclusionary rule, the items seized here and the subsequent statements should not have been admitted. *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S. Ct. 407 (1963); *Everhart v. State,* 274 Md. 459, 337 A.2d 100 (1975).

In reaching this conclusion, we considered whether there was probable cause for the assistant principal to make the search. In doing so we made an independent examination of the evidence in the record. *Ponds v. State,* 25 Md. App. 162, 335 A.2d 162 (1975). Prior to the search of appellant the information had by the assistant principal consisted of (1) a student's locker had been broken into and two five-dollar bills and a watch were stolen; (2) the appellant and two other

(b) *Authority to search school.* — (1) A principal, assistant principal, or school security guard of a public school may make a search of the physical plant of the school and its appurtenances including the lockers of students. (2) The right of the school official to search the locker shall be announced or published previously in the school.

(c) *Rules and regulations.* — The Department shall adopt rules and regulations relating to the searches permitted under this section."

boys were observed "hanging around" the *lockers*; (3) these three were apparently among ninety students taking the gym class; (4) in talking to the other boys who had been observed with appellant the assistant principal was advised by one of them that he was not involved and was not aware of anyone else who was involved; (5) that upon confronting appellant he asked him to empty his pockets, which was done, revealing a new pack of cigarettes and ten one-dollar bills. At this point of the search of appellant's pockets, the watch was discovered. In overruling appellant's objection to the watch's admission, the trial judge stated:

> ". . . I'm going to rule that he had probable cause, based on the evidence that's been . . . he had the complaint made to him and the names of three people were . . . or at least the identity of three people were made known. I think that's sufficient. . . ."

We hold that the trial judge was wrong. In *Edwards v. State,* 196 Md. 233, 237, 76 A.2d 132, 134 (1950), the Court of Appeals stated:

> "The Supreme Court of the United States in the case of *Brinegar v. U. S.,* 338 U.S. 160, at pages 175-176, 69 S. Ct. 1302, at pages 1310, 1311, 93 L.Ed. 1879, said that the substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."

In this case, the assistant principal clearly had insufficient information to lead a reasonably cautious person to believe that appellant committed the theft.[2]

---

2. No issue was raised below or on appeal concerning whether the seized watch could possibly constitute "an item", the possession of which is a criminal offense.

The unreasonable nature of the subject search is shown by the failure of the information provided to the assistant principal to place the appellant in a more suspicious light than any other gym student on the day of the incident. The information found in the record does nothing more than create a mere suspicion and thus does not constitute probable cause. *Johnson v. State,* 8 Md. App. 187, 191, 259 A.2d 97 (1969). Therefore, the search and seizure were impermissible, and the watch inadmissible.

Appellant's additional questions concern the exclusion of his statements, and the statements of a nontestifying codefendant, made in response to the search. The admission into evidence of the appellant's statements was premised on the search's validity. Our finding that the search was invalid eliminates this premise for admission of the statements. Likewise, absent valid admission of the appellant's statements, the trial court lacked the proper predicate for admitting the statements of the nontestifying codefendant. Thus there was nothing with which the codefendant's statement could "interlock" and be admitted under the exception to *Parker v. Randolph,* 442 U.S. 62, 99 S. Ct. 2132 (1979), to the rule against admissions set forth in *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968).

*Order reversed.*
*Costs are not reallocated as part of the judgment of this court pursuant to Maryland Rule 1082 f.*